**No. 51896.**—Alfred Kohlberg, Inc. v. United States, petition 6560–R (New York).

Cole, Judge:  The provisions of section 489, Tariff Act of 1930 (19 U. S. C. § 1489), are invoked in this case to obtain remission of additional duties accruing by reason of the final appraised values exceeding the entered values of bleached sheer linens exported from Belfast, Ireland, and entered at the port of New York.

Two witnesses appeared herein, i. e., the president of the petitioner corporation and the United States examiner who advisorily appraised the merchandise.  Their testimony agrees in showing that prior to entry petitioner made inquiry of customs officials, through officially recognized submission sheets (exhibits 1 and 2), for information concerning market value; that the United States examiner advised entry to be made at the quotation appearing on the latest price list (collective exhibit 3) of the foreign shipper's New York representative; and that petitioner declined to do so, preferring to enter at the lower invoice price, being the purchase price for the merchandise.

The United States examiner also stated that he called the importer's attention to a notation on the invoices relating to home market value which appeared to agree with the amount quoted in the price list previously mentioned, and recalled "having had two telephone conversations with someone who I believed to be Mr. Kohlberg or it may have been some representative of his, and they indicated at the time that they desired me to advance it."  (R. 45.)

The president of the petitioner corporation testified that entry was made at the lower value, permitting the appraiser's advance, upon the belief that the entered value would be supported by determination of the issue then pending in

a case ultimately reported as *White Lamb Finlay, Inc.* v. *United States*, 29 C. C. P. A. 199, C. A. D. 192.

A new principle of law was enunciated in the cited case, holding that the statutory language "freely offered for sale to all purchasers" in section 402 (d), Tariff Act of 1930, was free from ambiguity and did not require a sale of the product offered. The conclusion was unfavorable to the importer who had contended that there should be actual delivery under the freely offered price before it could apply for customs purposes.

Because of the controlling effect of the *White Lamb Finlay, Inc.* case, *supra*, appeals for reappraisement, relating to the entries in question, were abandoned. Thus, the appraised values prevailed, with consequent imposition of additional duties now sought to be remitted.

We are satisfied from the record and all the circumstances relating to entry and final appraisement that petitioner acted in good faith, without intention to deceive the appraiser or defraud the revenue of the United States, and that the appraiser's advance in value resulted from an honest difference of opinion between the parties. The relief asked for should be allowed.

The petition is therefore granted and judgment will be rendered accordingly.